O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SABINA PAPPALARDO,                    )    CASE NO. ED CV 10-01212 RZ
                                      )
                    Plaintiff,        )
                                      )    MEMORANDUM OPINION
            vs.                       )    AND ORDER
                                      )
MICHAEL J. ASTRUE, Commissioner       )
of Social Security,                   )
                                      )
                    Defendant.        )
                                      )

      An administrative law judge is required to consider testimony from a lay witness, *Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir. 2009), and failure to do so requires remand unless the Court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056 (9th Cir. 2006).  The cases do not directly address whether these principles apply to evidence that is not submitted under oath, but the Court proceeds here as if they do.  The Administrative Law Judge did not address the Third Party Function Report by Plaintiff's friend and neighbor Eseta Lundy.  [AR 184 *et seq.*]  The question before the Court, therefore, is whether, under *Stout*, the Court must remand the matter.

      The Administrative Law Judge found that, despite her impairments, Plaintiff Sabina Pappalardo could perform her past relevant work as a maid.  [AR 32-33] (Contrary

to Plaintiff's assertions (Plaintiff's Memorandum in Support of Complaint 3:26-27) the Administrative Law Judge did not find that Plaintiff could perform her past relevant work as a counter clerk.)  In this Court, Plaintiff argues that accepting Ms. Lundy's statements as true causes several of the Administrative Law Judge's findings to be questioned.  These have to do with whether Plaintiff's activities of daily living were mildly impaired, whether Plaintiff's social functioning was only mildly impaired and whether Plaintiff had the physical stamina to perform her past relevant job as a maid.

The report submitted by Ms. Lundy, however, does not jeopardize the Administrative Law Judge's findings.  It does demonstrate that Ms. Lundy is a concerned neighbor and good friend, and that Plaintiff at times feels overwhelmed by caring for three minor children as a single mother.  These are very real and difficult issues.  But the report does not undermine any of the Administrative Law Judge's findings.

The fact that Ms. Lundy helps Plaintiff care for her kids, and helps with some of the cleaning and cooking does not gainsay the Administrative Law Judge's statement that Plaintiff's psychiatric impairment has resulted in a mild impairment in her activities of daily living.  [AR 31]  The Administrative Law Judge stated that it may be true that Plaintiff is not as active as she used to be, but that she was able to prepare meals, shop, care for her personal needs and perform household chores.  [*Id.*]  If the Court accepts that Ms. Lundy helps occasionally, still the Court retains confidence in the Administrative Law Judge's statement that Plaintiff, while not as capable as she used to be, is only mildly impaired.

Plaintiff argues that Ms. Lundy's comments about Plaintiff's declining sociability also undermine the Administrative Law Judge's statement that her social functioning is only mildly impaired.  The Court does not agree.  It is true that Ms. Lundy states that Plaintiff has become a "recluse," [AR 189] but equally clear what Ms. Lundy means by this.  As Plaintiff herself cites to this Court, Ms. Lundy says that Plaintiff "stays home most of the time," [AR 184] and only spends time with Ms. Lundy.  [AR 188]  In context, these statements do not mean that Plaintiff is any more impaired than the

Administrative Law Judge found; there is nothing in them that suggests anything more severe than a mild impairment.

Finally, Plaintiff asserts that Ms. Lundy's statement undermines the Administrative Law Judge's finding that Plaintiff could perform her past relevant work as a maid, both socially and physically. The Court finds nothing in Ms. Lundy's statement to this effect, and Plaintiff does not refer to anything specific.

While the Administrative Law Judge should have considered Ms. Lundy's statement, the failure to do so was harmless. The Court can say, with confidence, that consideration of the statement would not have affected the outcome. Accordingly, the decision of the Commissioner is affirmed.

DATED:  March 30, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE